J-A06015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH JAY :
:
Appellant : No. 897 WDA 2025

Appeal from the Judgment of Sentence Entered May 5, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007900-2023

BEFORE: OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: June 30, 2026**

Appellant, Joseph Jay, appeals from the judgment of sentence entered on May 5, 2025, following his jury trial conviction for aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). We affirm.

We briefly summarize the facts of this case as follows. On August 3, 2023, Appellant was involved in a physical altercation with Sheldon Harris, a 62-year-old man, on East Ohio Street, Pittsburgh, Pennsylvania. Harris was walking on the sidewalk when Appellant attempted to pass him on a bicycle. Harris told Appellant that he should not ride his bicycle on the sidewalk. After a verbal confrontation, Harris produced a plastic pocketknife and told Appellant to not get closer. Appellant picked up a five-foot tree branch and hit Harris in the head, knocking him to the ground. Appellant continued to hit Harris with the tree branch and kicked him several times in the head. When police arrived soon thereafter, Harris was bleeding from the forehead and

taken to Allegheny General Hospital, where he spent several days recovering from a subdural hemorrhage, a contusion to his left eye, and multiple head lacerations. Appellant had no visible injuries.

At trial Appellant claimed self-defense, but a jury found Appellant guilty of aggravated assault on May 5, 2025. The trial court sentenced Appellant to a mandatory term of 25 to 50 years of imprisonment because the conviction constituted Appellant's third crime of violence under 42 Pa.C.S.A. § 9714(a)(2). On May 15, 2025, Appellant filed a timely, counseled post-sentence motion.[1] The trial court denied Appellant's motion on June 26, 2025, and this timely appeal followed.[2]

On appeal, Appellant presents the following issues for our review:

I. Did the trial court err when it denied Appellant's post[-sentence] motion challenging the sufficiency of the evidence?

II. Should Appellant's conviction be overturned due to selective prosecution?

III. Should Appellant's conviction be overturned due to abuse of criminal process?

---

[1] Appellant's motion alleged, in general terms and without specificity, that the verdict was against the weight and sufficiency of the evidence presented at trial. Appellant also requested additional time to file a supplemental post-trial motion but ultimately did not file one. On June 16, 2023, Appellant's counsel confirmed that he would not file an amendment.

[2] Appellant filed a counseled notice of appeal on July 24, 2025. By order entered on July 29, 2025, the trial court directed Appellant's counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel for Appellant complied on August 19, 2025. On October 1, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

> IV. Should Appellant's conviction be overturned due to constructive denial of counsel?

Appellant's Brief at 5 (superfluous capitalization omitted).

In support of his first issue presented, Appellant argues that the Commonwealth failed to produce evidence that the victim suffered serious bodily injury in order to uphold his conviction for aggravated assault. *Id.* at 11; *see also id.* at 13 ("At most, the evidence supports simple assault."). On this issue, the trial court determined that Appellant failed to preserve his sufficiency claim and, therefore, waived the issue on appeal. Trial Court Opinion, 10/1/2025, at 3. More specifically, the trial court found that Appellant raised this issue in his post-trial motion, "in boilerplate fashion with no details as to how the evidence was insufficient" and "chose not to amend … after [the trial c]ourt extended the time for him to do so." *Id.* Thereafter, the trial court determined that Appellant's court ordered Rule 1925(b) concise statement "merely assert[ed] that [the trial c]ourt erred in denying the post-[trial] motion, with no further exposition." *Id.* As such, the trial court found that Appellant waived his sufficiency challenge.

We agree with the trial court's assessment. "Generally speaking, issues not properly raised and preserved before the trial court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Armolt*, 294 A.3d 364, 376 (Pa. 2023) (citations omitted). This Court has previously stated:

> If an appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the

- 3 -

element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal [with the benefit of a well-directed and more precise trial court opinion]. Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.

*Commonwealth v. Arnold*, 284 A.3d 1262, 1279 (Pa. Super. 2022) (original citation, brackets, and ellipsis omitted). Moreover, we note that Appellant does not address the trial court's finding of waiver in his brief to this Court. For all of the foregoing reasons, we deem Appellant's sufficiency argument waived and will not address it on appeal.

Next, Appellant's second and third appellate issues are somewhat inter-related and were addressed by the trial court in the same discussion. As such, we will examine the claims together. First, Appellant accuses the Commonwealth of abuse of process, arguing that the Commonwealth only prosecuted him because "he was living on an abandoned piece of commercial property" which "he transformed into a sanctuary for homeless individuals" and "that in 2022, officials in the City of Pittsburgh requested that he vacate the premises, and that his refusal to do so is the basis for his prosecution[.]" Appellant's Brief at 13-14. Appellant also alleges that the Commonwealth engaged in selective prosecution, because "the victim allegedly robbed Appellant and was armed with a knife, yet the Commonwealth declined to charge him." *Id.* at 14.

The trial court found these issues waived for failing to raise them "pretrial, at trial, or post-trial." Trial Court Opinion, 10/1/2025, at 4. Further,

- 4 -

the trial court noted that Appellant raised these issues for the first time in his Rule 1925(b) statement in contradiction of Pa.R.A.P. 302(a). *Id.* As such, the trial court did not address the merits of Appellant's claims. *Id.*

Our Supreme Court has held:

The defense of prosecutorial vindictiveness is based upon the theory that due process prohibits a prosecutor from punishing a criminal defendant in retaliation for that defendant's decision to exercise a constitutional right. Like other questions of outrageous government conduct, a claim of prosecutorial vindictiveness is a question of law, not fact. The claim addresses itself to a constitutional defect in the institution of the prosecution [and that official misconduct should prevent the institution or prosecution of criminal charges against the defendant]. Such a claim is unrelated to the determination of guilt or innocence. A defendant who lodges a selective prosecution claim, therefore, does not have the right to present it to the jury.

In a federal criminal proceeding the claim of prosecutorial vindictiveness is instituted by means of a pre-trial motion to dismiss. The case law of this Commonwealth is silent as to the means by which such a claim is to be raised; however, the motion to dismiss has been the accepted procedure for raising this claim. We now hold that a similar procedure is to be provided for lodging such a claim in the Pennsylvania courts.

*Commonwealth v. Butler*, 601 A.2d 268, 270–271 (Pa. 1991) (internal citations omitted; original footnote incorporated in brackets).

Moreover, this Court has previously determined:

It is appellant's burden to establish a *prima facie* case of selective prosecution. Because of the doctrine of separation of powers, we will not lightly interfere with an executive's decision [regarding] whom she will prosecute. Prosecutorial discretion in deciding which cases should be moved forward is not unfettered, however, but is subject to constitutional constraints. To make out a case of selective prosecution, appellant must establish, at minimum, that: (1) he has been singled out for prosecution even though others

similarly situated have not generally been [subject to criminal prosecution], despite having engaged in conduct akin to that of which appellant is accused, and (2) he has been selected for prosecution as the result of such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. Unequal application of the criminal laws alone does not amount to a constitutional violation.

***Commonwealth v. Wells***, 657 A.2d 507, 510 (Pa. Super. 1995) (internal citations and quotations omitted).

Here, upon review of the certified record, we agree that Appellant failed to raise and preserve his claims before the trial court. Appellant never filed a motion to dismiss the charges based upon selective prosecution or abuse of process. ***See Butler***, ***supra***. He raised these issues for the first time in his Rule 1925(b) concise statement, after he filed his notice of appeal and after the trial court was divested of its authority to proceed in this matter. ***See*** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). However, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). As such, we agree with the trial court that Appellant waived both issues pertaining to the Commonwealth's decision to prosecute him.[3]

_____

[3] Furthermore, Appellant has not suggested how he was selected for prosecution as the result of impermissible considerations such as race or religion. Appellant also has not established a *prima facie* case that he was prosecuted to prevent the exercise of his constitutional rights. Appellant admits that he was a squatter living on abandoned commercial property; hence, his assertion that "he was prosecuted to force him off valuable commercial property" does not appear to implicate his constitutional rights. *(Footnote Continued Next Page)*

Finally, Appellant argues that he was denied his right to the representation of counsel because "trial counsel filed three separate motions to withdraw" prior to trial which "established that [trial counsel] was unable to effectively represent Appellant due to unwaivable conflicts" of interest. Appellant's Brief at 15-16. As a result, immediately prior to the jury trial, "Appellant stated that he wanted a new attorney, but that he would represent himself [*pro se*] if forced to" and "[t]he court gave Appellant the option of proceeding [*pro se*] with trial counsel as standby or to stay incarcerated while a new attorney was appointed." Appellant's Brief at 16. Appellant claims he "repeatedly stated that he wanted counsel but had an irreconcilable conflict with appointed counsel, including refusal to file requested motions, failure to review discovery, failure to communicate plea terms, and advising Appellant not to speak during negotiations." ***Id.*** at 17. As such, Appellant claims he was "forced … to choose between unwanted counsel … or self-representation" and his decision to proceed *pro se* amounted to "a constructive denial of counsel[.]" ***Id.***

This Court has recently reiterated:

The Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to assistance of counsel. "However, the constitutional right to counsel of one's own choice is not absolute." ***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1178 (Pa. 2009). "Rather, the right of an accused individual to choose

---

***See*** Appellant's Brief at 13. Moreover, Appellant does not show how prosecution for an aggravated assault in another section of Pittsburgh, wholly unrelated to his living situation, was the result of Commonwealth retaliation.

- 7 -

his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id.* "Thus, while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." *Id.* at 1179. Forfeiture of counsel does not require the intentional relinquishment of a right, as in the case of waiver. *Id.* Forfeiture is the result of a defendant's "extremely serious misconduct" or "extremely dilatory conduct." *Id.* (*quoting United States v. Thomas*, 357 F.3d 357, 362 (3ᵈ Cir. 2004)). Where a defendant forfeits his right to counsel, Pa.R.Crim.P. 121 and its waiver colloquy requirements do not apply. *Id.* The alleged denial of a constitutional right is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Lucarelli*, 971 A.2d at 1178.

Our Supreme Court addressed forfeiture of counsel in *Lucarelli*. There, after the hiring and withdrawal of two attorneys, the trial court provided the defendant with an application for a public defender. *Lucarelli*, 971 A.2d at 1176. The defendant did not file the application and then failed to appear for jury selection. *Id.* at 1177. The trial court rescinded its bench warrant after the defendant appeared and filed a *pro se* motion for the appointment of counsel. *Id.* The trial court did not appoint counsel, instead reducing the defendant's bail by $20,000 and directing him to use that money to hire counsel. *Id.* Appellant subsequently appeared for trial without an attorney and proceeded *pro se* with assistance of stand by counsel.

The *Lucarelli* Court concluded that the defendant forfeited his right to counsel. "[W]here a defendant's course of conduct demonstrates his or her intention not to seek representation by private counsel, despite having the opportunity and financial wherewithal to do so, a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited the right to counsel." *Id.* at 1179. The Supreme Court held that the defendant engaged in extremely dilatory conduct because he had more than 8½ months to prepare for trial, had hired several attorneys who withdrew their representation, and was given access to $20,000 shortly before trial with which to obtain counsel. *Id.* at 1180. The trial court therefore did not err in forcing the defendant to proceed *pro se*.

- 8 -

This Court in ***Commonwealth v. Kelly***, 5 A.3d 370 (Pa. Super. 2010), *appeal denied*, 32 A.3d 1276 (Pa. 2011), considered forfeiture of counsel in the case of an indigent defendant. After pleading guilty, the defendant filed a *pro se* motion seeking withdrawal of his plea and challenging plea counsel's effectiveness. ***Id.*** at 372. The trial court granted the plea withdrawal motion and ordered appointed counsel to serve as standby counsel. ***Id.*** at 373. On the day of trial, the defendant alleged an irreconcilable breakdown between himself and standby counsel. He requested appointment of another attorney to represent him at trial. ***Id.*** at 373-74. The trial court continued the trial and appointed another attorney. ***Id.*** at 374. One month later, the newly appointed attorney filed a petition to withdraw, alleging that the defendant was uncooperative and had accused counsel of working for the Commonwealth and repeatedly lying to the defendant. ***Id.*** After a hearing, the trial court permitted counsel to withdraw and ordered the defendant to proceed *pro se*. ***Id.*** at 376. The trial court did not conduct a waiver colloquy pursuant to Rule 121. ***Id.*** at 378. The defendant eventually pled guilty again. ***Id.*** at 376.

On appeal, the defendant argued, among other things, that he did not waive or forfeit his right to counsel. The ***Kelly*** Court disagreed, noting that the defendant failed to cooperate with all three lawyers assigned to him and repeatedly accused them of ineffective assistance. ***Id.*** at 381. The defendant "wanted a counsel, but only one who would please him[.]" ***Id.*** The ***Kelly*** Court quoted the following with approval:

> We have recognized a right of a defendant to proceed without counsel and to refuse the representation of assigned counsel. ... He may not use this right to play a 'cat and mouse' game with the court ... or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel.

***Id.*** (*quoting **United States ex rel. Davis v. McMann***, 386 F.2d 611, 618-619 (2nd Cir. 1967), *cert. denied*, 390 U.S. 958 (1968)).

***Commonwealth v. McLendon***, 293 A.3d 658, 665–667 (Pa. Super. 2023).

At the beginning of trial, Appellant stated that he wanted to represent himself. ***See*** N.T., 5/5/2025, at 6-7. The trial court conducted a colloquy

pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), asked required questions pursuant to Pa.R.Crim.P. 121 (waiver of counsel), and entered Appellant's signed written colloquy into the record.  **See** N.T., 5/5/2025, at 8-18.  When asked if he understood and wished to waive his right to counsel, Appellant replied, "I want counsel.  I just don't want Mr. Capan.  If I can't have no other counsel, I will represent myself." **Id.** at 17-18. The trial court asked additional questions of standby counsel before it found that Appellant waived his right to counsel and directed Appellant to represent himself *pro se* with an appointed trial attorney acting as standby counsel. **Id.** at 19-21.  Appellant acquiesced.  **Id.** at 21.

Based upon our review of the certified record and applicable law, Appellant was not constructively denied his right to counsel.  The trial court appointed trial counsel.  Thereafter, disputes regarding the course and manner of counsel's representation led to a breakdown in the attorney-client relationship.  In short, Appellant grew displeased with counsel's refusal to file requested motions and to conduct the defense according to Appellant's desires.  But the law is clear that Appellant is not entitled to counsel of his choice merely because he grew subjectively dissatisfied with appointed counsel. **See Kelly**, *supra*.  Here, the trial court held a **Grazier** hearing and determined that Appellant waived his right to counsel.  Appellant cannot stall the efficient administration of justice by playing cat and mouse with his right to counsel and his ultimate decision to proceed *pro se*.  We discern no error and Appellant is not entitled to relief on his final appellate claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  6/30/2026